UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LYNN DUDLEY,

    Plaintiff,

v.
                                  CASE NO.:

APEX ARBORCARE LLC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LYNN DUDLEY ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, APEX ARBORCARE LLC ("Defendant"), and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and unpaid wages under Florida common law.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, as this case arises under the laws of the United States. This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. This Court has pendent jurisdiction over the state law claims.

3. Venue is proper in this district, because all of the events giving rise to these claims occurred in Orange County.

## **PARTIES**

4. Plaintiff is a resident of Seminole County, Florida.

5. Defendant operates a tree removal business in Orlando, in Orange County, Florida.

## **GENERAL ALLEGATIONS**

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

11. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. Defendant continues to be an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

15. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendant.

## FACTS

16. Plaintiff began working for Defendant as a Sales Representative in February 2021, and she worked in this capacity until March 30, 2021.

17. At all times material hereto, Plaintiff worked hours at the direction of Defendant, and Plaintiff was not paid a minimum wage for all of the hours that she worked.

18. In exchange for Plaintiff's services, Defendant agreed to pay Plaintiff a weekly salary of Two Hundred Fifty Dollars ($250.00) per week, plus commissions.

19. Defendant failed to pay Plaintiff all wages owed to her, including her final paycheck.

20. Plaintiff's final paycheck constitute "wages" under Florida common law and Fla. Stat. Section 448.08.

21. Defendant's failure to pay Plaintiff all of her wages, including her final paycheck, was willful.

22. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

23. Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

24. During the statutory period, Plaintiff worked for Defendant, and she was not paid a minimum wage for the hours that she worked, as mandated by the FLSA.

25. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

26. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

 a) Judgment against Defendant for an amount equal to Plaintiff's unpaid

  back wages at the applicable statutory minimum wage;

 b) Judgment against Defendant, stating that Defendant's violations of

  the FLSA were willful;

 c) An amount equal to Plaintiff's minimum wage damages as liquidated

   damages;

 d) To the extent liquidated damages are not awarded, an award of   prejudgment interest;

  e) A declaratory judgment stating that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

  f) All costs and attorney's fees incurred in prosecuting these claims; and

  g) For such further relief as this Court deems just and equitable.

## COUNT III – UNPAID WAGES UNDER FLORIDA COMMON LAW

27. Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

28. Plaintiff worked for Defendant during the statutory period, and Defendant agreed to pay Plaintiff for her services.

29. Defendant failed to pay Plaintiff all "wages" owed to her, including her final paycheck.

30. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

  a) A jury trial on all issues so triable;

  b) That process issue and that this Court take jurisdiction over the case;

  c) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

  d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. §448.08; and

    e)    For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 17th day of August, 2022.

                            Respectfully submitted,

_____
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
DANIEL E. KALTER
Florida Bar No.: 1025094
Direct Dial: 813-438-8821
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: aheystek@wfclaw.com
Email: dkalter@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**